# Application of 18 U.S.C. § 205 to Employees Serving on an Intergovernmental Personnel Act Assignment

A federal employee assigned to a state or local government or other non-federal entity under the Intergovernmental Personnel Act is not prohibited by 18 U.S C. § 205 from representing the interest of the non-federal entity before the federal government, including the employee's agency, if such representational activity is affirmatively included with the scope of the employee's assignment as determined by the federal agency head.

January 11, 1999

MEMORANDUM OPINION FOR THE GENERAL COUNSEL
FEDERAL BUREAU OF INVESTIGATION

The Federal Bureau of Investigation ("FBI" or "Bureau") has asked for our advice concerning the application of 18 U.S.C. § 205 (1994 & Supp. II 1996) to an assignment under the Intergovernmental Personnel Act ("IPA"), 5 U.S.C. §§ 3371–3376 (1994 & Supp. II 1996), of an FBI agent to the Commonwealth of Puerto Rico/Police of Puerto Rico ("POPR"). Specifically, you have asked whether § 205 would prohibit the assigned FBI agent from representing the interests of the POPR to the Bureau in the course of the IPA assignment. For the reasons set forth below, we conclude that when the head of a federal agency determines that work of "mutual concern" under § 3372 of the IPA includes representational contacts with the federal government by the assigned employee on behalf of the non-federal entity, and the IPA assignment affirmatively authorizes such representational contacts, such representation is within the "official duties" of the federal employee under § 205 and is not prohibited by the statute.

## I.

Your inquiry concerns the intersection of two statutes. Section 205 of title 18 prohibits any "officer or employee of the United States" from, inter alia, acting as an "agent or attorney for anyone" before any department, agency or other entity of the federal government concerning any matter in which the United States has a direct and substantial interest, except in the "proper discharge of his official duties." 18 U.S.C. § 205(a)(2). *See generally Application of 18 U.S.C. § 205 to Communications Between the National Association of Assistant United States Attorneys and the Department of Justice*, 18 Op. O.L.C. 212 (1994). The IPA provides, inter alia, that "the head of a Federal agency may arrange for the assignment" of an agency employee — on detail or on leave without pay — to a state

25

or local government or other non-federal organization [1] to perform "work of mutual concern." 5 U.S.C. § 3372(a)(2). A federal employee assigned pursuant to the IPA "remains an employee of his [federal] agency."*Id.* § 3373(a)(2). The IPA authorizes the head of a federal agency [2] to assign agency employees to perform work that she "determines will be beneficial to both" the federal agency and the non-federal entity. *Id.* § 3372(a)(2). The terms and duties of the assignment may be governed by an agreement between the federal agency and the non-federal entity. *Id.* § 3373(a)(2). You ask whether a federal employee assigned to a non-federal entity under the IPA may, in the course of her IPA assignment, represent the interests of the non-federal entity before the employee's originating federal agency without violating the prohibition of § 205.

This Office previously concluded, on the specific facts presented, that § 205 did not prohibit an employee of the Environmental Protection Agency ("EPA") who was detailed to a state or local government pursuant to the IPA from representing the state or local government's interests before the EPA because such representation was "integral to the statutory scheme administered by" the EPA. *Application of 18 U.S.C. §§ 203 and 205 to Federal Employees Detailed to State and Local Governments*, 4B Op. O.L.C. 498, 500 (1980) ("EPA Detail Opinion").[3] In the EPA Detail Opinion we observed that the federal environmental laws "encourage, and require," the EPA to provide technical assistance to state and local governments. *Id.* We concluded that it was integral to the statutory regime that EPA employees be detailed to state and local governments (pursuant to the IPA) and that, in the course of such details, they be able to represent the interests of the state and local governments before the EPA, including, necessarily, matters in which the United States has a direct and substantial interest. *Id.* at 502–03. Accordingly, we concluded that where such representational activity is integral to a federal statutory scheme administered by the federal employee's agency, the federal employee is engaged "in 'the proper discharge of his official duties' " within the meaning of § 205. *Id.* at 500.

Because representational contacts with the federal government were integral to the substance of federal environmental laws, the EPA Detail Opinion did not require us to determine whether, in the absence of such a substantive statutory scheme, representational contacts with the federal government would be "in the proper discharge of his official duties" if made pursuant to the employee's IPA

---

[1] *See* 5 U S.C § 3371(1) (defining "State"); *id.* § 3371(2) (defining "local government"), *id* § 3371(4) (defining "other organization").

[2] *See* 5 U S C. § 3371(3) (defining "Federal agency")

[3] The EPA Detail Opinion also concluded, on the same rationale, that § 203 of title 18 would not prohibit the federal employee's representation of the non-federal entity 4B Op. O.L.C. at 500 Section 203 provides, in part, that a federal employee may not be compensated in connection with any "particular matter in which the United States is a party or has a direct and substantial interest," except "as provided by law for the proper discharge of official duties " 18 U S.C § 203(a)(1)(B) (1994). Although your request addresses only § 205, our conclusion, as in the case of the EPA Detail Opinion, would mean that an employee assigned under the IPA and engaging in authorized representational activity before the federal government in the course of that assignment, may be paid his salary by the non-federal entity pursuant to the IPA agreement without running afoul of § 203

assignment. Nonetheless, the EPA Detail Opinion did consider this issue, *see id.* at 503–05, and its analysis is consistent with, and indeed lays the foundation for, our conclusion that such representational contacts are permissible under § 205.

## II.

We observed in the EPA Detail Opinion that "nothing in the background or legislative history of §§ 203 or 205 suggests that [Congress] . . . intended substantially to limit the uses federal agencies may make of their employees." *Id.* at 504. Moreover, we concluded that if Congress had intended to restrict the manner in which an agency may use its employees, "Congress is unlikely to have chosen as its means a criminal statute, directed at the employees themselves, and containing an exception for 'the proper discharge of official duties.' " *Id.* According to this reasoning, § 205 should not be read to proscribe the ability of agency heads to determine that it would be mutually beneficial for an assignment under the IPA to include representational activity before the federal government.

Furthermore, as we noted in the EPA Detail Opinion, § 205 (as well as § 203) was "designed to prevent any 'conflict between the private interests of a Government employee and his duties as an official.' " *Id.* at 504 (quoting H.R. Rep. No. 87–748, at 6 (1961)); *see also* H.R. Rep. No. 87–748, at 21. In the case of an IPA assignment, the representational activity is undertaken by virtue of an assignment approved by the head of the employee's agency and based upon her statutory determination that such representational activity is "beneficial to both" the federal agency and the non-federal entity, even where the representational activity involves matters of direct and substantial interest to the United States. The employee undertaking such activity as part of an IPA assignment does so as an employee of the federal agency. *See* 5 U.S.C. § 3373(a)(2) (assigned employee "remains an employee of his agency"). Accordingly, an employee's authorized representational activity in the course of an IPA assignment is not private, but part of his official duties, because the agency head has "directed the employees to engage in such activities." 4B Op. O.L.C. at 503 n.2.

For these reasons, we conclude that § 205 does not prohibit a federal employee on assignment to a non-federal entity under the IPA from representing the interests of that entity before the federal government, including the employee's agency, when such representational activity is affirmatively made a part of her official duties under the IPA assignment.[4] We emphasize that although the IPA provides the relevant authority, the statute itself does not automatically exempt representa-

---

[4] Thus, because the IPA itself provides authority for an agency head to determine whether representational contacts are mutually beneficial and to make such contacts a part of an IPA assignment, it is not necessary for there to be an additional, substantive statutory regime, such as the environmental laws discussed in the EPA Detail Opinion, that necessitates or promotes such representational contacts In the specific case that you present, the IPA authorizes the appropriate agency head to determine that it is of mutual interest and benefit for an FBI agent assigned to the POPR to communicate with the FBI on behalf of the POPR

tional contacts from the scope of § 205; rather, as a legal matter, representational contacts become a part of an employee's "official duties" within the meaning of § 205 only when the agency head has affirmatively authorized such representational contacts as part of the employee's duties under the IPA assignment. To avoid any questions about the scope of the authorization, it may be advisable, as a practical matter, for agency heads who wish to permit their assigned employees to engage in representational activity to provide expressly for such activity in the IPA agreement entered into between the agency and the non-federal entity.

We emphasize that agency heads should use sound judgment when determining what representational contacts should be authorized as part of an IPA assignment. An agency head should consider carefully, for example, whether to authorize a detailed employee to make such contacts with respect to a federal grant or contract or with respect to a claim or other litigation involving the United States. Nothing in our conclusion that agency heads may authorize such contacts limits an agency head's discretion to decline to authorize certain kinds of contacts.

## III.

For the reasons stated, we conclude that a federal employee assigned to a state or local government or other non-federal entity under the IPA may represent the interests of the non-federal entity before the federal government, including the employee's agency, if such representational activity is affirmatively included within the scope of the employee's assignment as determined by the federal agency head. In such a case, the representational activity occurs "in the proper discharge of [the employee's] official duties," § 205(a), and is therefore not prohibited by 18 U.S.C. 205.

BETH NOLAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*